Rct# 067529

ORIGINAL

FILED
JAN 2 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FORREST PARK SOUTHEAST DEVELOPMENT CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES<br><br>Defendant. | 08- 4 C<br>Case No.: ______<br><br>Division: ______ |

**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, RESCISSION AND SPECIFIC PERFORMANCE**

COMES NOW Plaintiff and for its cause of action herewith states to the Court as follows:

**COUNT I – BREACH OF CONTRACT**

1. Plaintiff is and was at all times herein mentioned a not for profit corporation.

2. Defendant at all times herein relevant was a United States governmental agency doing business in the City of St. Louis, State of Missouri.

3. This case involves a breach of contract and demand for monetary damages, as set forth below, and accordingly, jurisdiction is proper pursuant to Title 28 Section 1491(a)(1) United States Code.

4. During the early part of January 2007, Defendant offered certain properties for purchase, pursuant to a foreclosure proceeding.

5. Plaintiff was the successful high bidder at the foreclosure sale of the property commonly known as Lucas Heights Village Phase I and Phase III, located in the City of St. Louis, Missouri. Plaintiff submitted its bid at the foreclosure sale which was held on or about January 5th 2007, and was notified that it was the successful bidder on or about March 2nd, 2007.

6. Thereafter, the parties entered into a Foreclosure Sale Agreement, a copy of the same being attached hereto and by reference thereto incorporated herein and marked Exhibit 1.

7. Defendant has breached its obligations pursuant to the Agreement as follows:

a. Failing to include a proper legal description of the property being purchased;

b. Including a building in the contract that is in part on the Lucas Heights property and in part on property owned by the City of St. Louis, Missouri;

c. Stating that the pool, tennis courts and Laundromat and maintenance buildings of Phase I are part of the property being foreclosed upon, when in reality those buildings in Phase I sit on city owned property owned by the City of St. Louis, Missouri;

d. Failing to disclose environmental problems with the property being purchased; and

e. Failing to negotiate a reduced price when approximately $300,000 of damage occurred to the subject property between the time the contract was signed and the time closing was scheduled to occur.

8. Pursuant to the terms of the contract, in particular Paragraph 12 thereof, if "HUD and the builder are unable to agree on the amount by which the purchase price should be reduced or on the amendment to the repair requirements, bidder may withdraw the bid, in which case HUD will direct the return of the earnest money deposit and any extension fees will be returned".

9. Defendant has breached its contractual obligations as set forth above, and in particular in failing to negotiate a different price as a result of the storm damage which occurred during the first part of April 2007. Defendant has failed and refused to return the earnest deposit to Plaintiff, in the sum of $175,000.

10. As a direct and proximate result of Defendant's breaches of contract, Plaintiff has incurred actual damages in the sum of $175,000, plus substantial consequential damages in relation to its efforts to close on the property, once again all as a direct and proximate result of Defendant's breaches as aforesaid.

WHEREFORE, Plaintiff prays Judgment in Count I for actual damages in the sum of $175,000, for consequential damages, and for such other and further relief as to the Court may seem just and proper.

**COUNT II - RESCISSION**

COMES NOW Plaintiff, and pleading in the alternative for Rescission herewith states to the Court as follows:

1. Plaintiff repeats and realleges each and every allegation set forth in

Paragraphs 1 through 7 of Count I as and for Paragraph 1 of Count II.

2. Pursuant to the terms of the contract, Paragraph 12 specifically is entitled "Risk of Loss and Rights of Rescission". The specific language states that if the parties cannot agree on the amount by which the purchase price should be reduced due to damage, prior to closing, the earnest money deposit and extension fees will be returned. In effect, this amounts to a rescission of the contract. The parties have specifically contracted and agreed that if damage occurs to the property prior to closing, the contract may be rescinded.

3. Plaintiff has requested that Defendant rescind the contract and return all of its earnest money, but Defendant has failed and refused to do so. Plaintiff has no adequate remedy at law, and is incurring irreparable damages as a result of Defendant's conduct as aforesaid.

WHEREFORE, Plaintiff prays Judgment in Count II for Rescission, that the contract be deemed null and void, that all earnest monies previously paid by Plaintiff to Defendant be returned to it, with interest, for reasonable attorney fees and costs as this Court sits in equity, and for such other and further relief as to the Court may seem just and proper.

**COUNT III - SPECIFIC PERFORMANCE**

COMES NOW Plaintiff and once again pleading in the alternative for Specific Performance herewith states to the Court as follows:

1. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 5 as and for Paragraph 1 of Count III.

2. Defendant is refusing to close on the real estate sale to Plaintiff, and has in fact now tried to negotiate an agreement to sell the property to a third party.

3. Real estate is unique, and if Plaintiff is not awarded this property and allowed to purchase the same he will have irreparable injury, for which he has no adequate remedy at law.

4. Plaintiff, at all times, has been ready, willing and able to close, provided Plaintiff conveys the property that was bid on at foreclosure, as represented by Defendant, and provided further that an appropriate adjustment is made for the damage to the property that has occurred in the interim as set forth in Paragraph 6e above.

5. Defendant is failing and refusing to close, despite demand for the same by Plaintiff.

WHEREFORE, Plaintiff prays Judgment in Count III for Specific Performance, that the Court enter its Order requiring Defendant to transfer title of the property bid on at foreclosure to Plaintiff, for a reduced amount taking into consideration the damage occurring during the interval between the foreclosure sale and the time for closing, for reasonable attorney fees and costs, and for such other and further relief as to the Court may seem just and proper.

FOREST PARK SOUTHEAST
DEVELOPMENT CORPORATION

By: ______________________
Carl C. Lang, Attorney
And Agent

STATE OF MISSOURI )
) SS.
COUNTY OF ST. LOUIS )

CARL C. LANG, Attorney and Agent of the Forest Park Southeast Development Corporation, of lawful age, being duly sworn and upon his oath, states that said instrument was signed in behalf of said Forest Park Southeast Development Corporation, and that the facts contained in the above and foregoing ***Petition for Breach of Contract, Rescission and Specific Performance*** are true and correct to the best of his knowledge, information and belief.

FOREST PARK SOUTHEAST
DEVELOPMENT CORPORATION

By: ______________________
Carl C. Lang, Attorney
And Agent.

Subscribed and sworn to before me, a Notary Public, this 27 day of December 2007.

______________________
NOTARY PUBLIC

My Commission Expires:
10-2-11

" NOTARY SEAL "
Patricia A. Gitchoff, Notary Public
St. Louis County, State of Missouri
My Commission Expires 10/2/2011
Commission Number 07385489

447337

Respectfully submitted,

ROSENBLUM, GOLDENHERSH,
SILVERSTEIN & ZAFFT

RICHARD S. BENDER, #25569
DAVID G. BENDER, #53482
7733 Forsyth, 4th Floor
Clayton, MO 63105-1812
(314) 726-6868, Ext. 220
(314) 726-6786 Facsimile
rsb@rgsz.com
dgb@rgsz.com
Attorneys for Plaintiff

# ATTACHMENT B

TERMS AND REQUIREMENTS OF FORECLOSURE SALE - ACKNOWLEDGMENT BY BIDDER

PART I

BID PRICE - The Undersigned, Forest Park Southwest Development Corp (the "Bidder") submits a bid of dollars ($ 2,251,000.00) at the foreclosure sale of **Lucas Heights Village Phase I** (the "Project"), the legal description of which is included as Exhibit A, to be paid as follows:

1. $ 75,000 in the form of a money order, cashier's or other bank check, as earnest money, which has been paid at the foreclosure sale to the person that conducts the foreclosure sale, and which shall not earn interest (the "Deposit"), **and**
2. $ $ 2,176,000.00 the balance, to be paid by the Bidder at Closing, in the form of a cashier's or other bank check in accordance with this Acknowledgment. The Closing will be held at a place, date and time established in accordance with Section 5 below (the "Closing").
3. In addition to the above, the Bidder will be required to pay at Closing all closing costs, regardless of local custom, and, where applicable, other deposits to reserve and/or letters of credit as described in Riders incorporated herein, the Invitation for Bid (Invitation), and the Foreclosure Sale Use Agreement (Use Agreement).

PART II

If selected as the high Bidder at or after the foreclosure sale, the Bidder, by executing this document (the "Acknowledgment"), acknowledges that the Bidder must comply with the following requirements as a condition to purchasing the Project:

1. ACKNOWLEDGMENT OF TERMS - Bidder affirms to have full knowledge of the all terms, conditions and requirements contained in this Acknowledgment and documents referred to herein, the Invitation and Attachments, and the Notice of Default and Foreclosure Sale. Bidder must execute this document.
2. EXECUTION OF USE AGREEMENT - At Closing, Bidder will, in addition to any other documents, execute the Foreclosure Sale Use Agreement and all of the Exhibits to the Use Agreement as contained in the Invitation to Bid. Such documents will control the use of the Project for a specified period and will be recorded with the Deed and run with the land.
3. CERTIFICATION OF SUBSTANTIAL COMPLIANCE - The high bidder must also provide Certification to HUD (within two days of the foreclosure sale date) that any other projects that are owned by the high bidder or its affiliates and are located in the same jurisdiction as the project are in substantial compliance with applicable State and/or local housing statutes, regulations, ordinances and codes. HUD may, in its discretion, verify the accuracy of such certification and request supporting documentation from the high bidder. If HUD determines in its sole discretion that such other projects are not in substantial compliance, HUD will have the right to refuse to sell the project to the high bidder and retain the Earnest Money Deposit (see Attachment D).
4. PREVIOUS PARTICIPATION CERTIFICATION --
   (a) **Two Days following Foreclosure Sale**: The high Bidder must submit **within two** (2) Federal Government working days of the foreclosure sale, certification to HUD that the Bidder has registered in APPS and Secure Systems. This certification can be in the form of a copy of the *Participant Successfully Registered* page from the APPS system **and** a copy of the *Multifamily Coordinator and User Registration page* from Secure Systems **or** a copy of the *Participant Detail* page (see APPS User Guide-Industry, Chapter 15, pages 15-2 through 15-4 for printing instructions). The high Bidder is also responsible for submitting any changes necessary for principals, tax ID, and ownership in the APPS system.
   (b) **Fifteen Days following Foreclosure Sale**: The high Bidder must submit within fifteen (15) Federal Government working days of the foreclosure sale, certification to HUD that the Bidder (owning entity) has completed the 2530 submission process in APPS. This certification must be in the form of a printed copy of the *2530 Submission Package* (see APPS User Guide-Industry, Chapter 15, pages 15-2 through 15-4).
5. ESTABLISHMENT OF CLOSING DATE, TIME AND PLACE
   (a) Time is of the essence.
   (b) HUD will notify the Bidder and the person conducting the foreclosure sale (the "Foreclosure Official") after HUD determines that the Bidder has been approved to purchase this project under the Previous Participation Certification procedure. (Approval to purchase is subject to review and approval of HUD forms as required for purchase in Section 4, Paragraph(s) 2 and 5, and in Attachment B, Terms and Requirements of Foreclosure Sale, Acknowledgement by Bidder specifically the Rider "Submission of Documents Prior to Closing" and applied as checked.) The Foreclosure Official will establish a time and date for the Closing. The Closing **shall be within thirty (30) days of such notification**, unless extended pursuant to Section 9.
   (c) The Closing will take place at the HUD office stated in the Invitation or at such other place as may be agreed upon between HUD and the Foreclosure Official.
6. CLOSING, CLOSING EXPENSES AND TRANSFER OF POSSESSION
   (a) The sale shall be effective upon Closing.
   (b) Bidder (Purchaser) shall pay all closing costs and expenses, excluding fees for recording the deed and Use Agreement, irrespective of local custom.
   (c) Transfer of title to and possession of the Property shall become effective as of the Closing.
7. PAYMENT OF PURCHASE PRICE AT CLOSING - The Bidder (Purchaser) shall pay the balance at Closing in the form of a cashier's or other bank check made out to:

**THE SECRETARY, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

The Closing will be held at a place, date and time established in accordance with Section 5 abo[ve]

EXHIBIT 1

8. LIQUIDATED DAMAGES - Should Bidder fail or refuse to perform all obligations under this Acknowledgement for any reason including, but not limited to, failure to establish the legal entity that is to take title in a timely manner that permits Closing within the deadline set forth in Section 5, the earnest money deposit and any extension fees, paid under Section 9, shall be remitted to and retained by HUD as liquidated damages.

9. EXTENSION FEES – Extensions of time to close the sale are within HUD's sole and absolute discretion. Any extensions, if granted, will be on the following conditions:
   (a) A written request for an extension must be received at the HUD office located at: Department of Housing and Urban Development, 801 Cherry Street, Ft. Worth, TX 76102 within ten (10) days prior to the prescribed closing date, or within any extension period and **must be accompanied by the payment** of the required extension fee. The request must state the reason for Bidder's inability to close the sale within the initial period or any extended period.
   (b) Extensions shall be for thirty (30) days.
   (c) For each thirty (30) day period requested by Bidder and approved by HUD, extension fees shall be equal to $ 37.72, per unit, per day, which is $ 7,242.24 daily, a cost of $ **217,267.20**, which covers the 30-day period (the holding cost for such period) or one and one-half percent (1.5%) of the purchase price, whichever is greater.
   (d) These fees shall be retained by HUD and shall not be credited to the amount due from Bidder at Closing. However, if Bidder closes prior to the expiration of an extension period, the prorated amount of the extension fee, for the unused portion of the extension period, shall be credited toward the amount due from Bidder at Closing.
   (e) The granting of one or more extensions shall not obligate HUD to grant additional extensions.
   (f) If any form or instrument required by HUD is not submitted within sufficient and reasonable time for HUD's review or processing and such delay necessitates an extension of the Closing deadline, an extension fee must be paid for this period.
   (g) Extension Fees must be submitted by money order, certified, cashier's or other bank check acceptable to HUD.

10. BIDDER RESTRICTIONS – Bidding is restricted to non-profit entities only as described in this Invitation, however, principals of the non-profit are further restricted by the following:
   (a) No Member of/or Delegate to Congress, resident commissioner, or local elected official, shall be admitted to any share or part of this sale, or to any benefit arising from it. However, this provision does not apply to this sale to the extent that this sale is made with a corporation for the corporation's general benefit.
   (b) If Bidder is, or becomes suspended, debarred, or temporarily denied from participating in HUD programs prior to closing, this sale shall be terminated. In addition, if such suspension, debarment or temporary denial of participation occurs either before or after Bidder's execution of this Acknowledgment, any extension fees paid under Section 9 shall be retained by HUD as liquidated damages.
   (c) Pursuant to 24 CFR Section 27, the defaulting mortgagor, or any principal, successor, affiliate, or assignee thereof, on the multifamily mortgage being foreclosed, shall not be eligible to bid on, or otherwise acquire, the property being foreclosed by the Department under this subpart or any other provision of law. A "principal" and an "affiliate" are defined as provided at 24 CFR 24.905.

11. AS-IS SALE; NO REPRESENTATIONS
   (a) Bidder shall accept the Property "as is." HUD makes no representations or warranties concerning the physical condition of the Property. In addition, HUD does not represent or warrant the number and occupancy of revenue producing units, or any factor bearing upon the value of the Property.
   (b) Bidder acknowledges that the purchase price set forth in this Acknowledgment is based on Bidder's evaluation of the project and not upon any representations by HUD. Bidder's failure to inspect, or to be fully informed as to any factor bearing upon the valuation of the Property, shall not affect the liabilities, obligations or duties of HUD, nor be a basis for termination of this sale or for the return of any extension fees paid pursuant to Section 9.

12. RISK OF LOSS AND RIGHTS OF RESCISSION - In the event of any substantial damage to the Project prior to closing by any cause including, but not limited to, fire, flood, earthquake, tornado and significant vandalism other than willful acts or neglect, HUD, in its sole discretion, may negotiate with the Bidder for a reduction in the sales price corresponding to the estimated amount of damages. Such damages shall be added to the Post-Closing repair requirements, HUD Form - 9552 included in the Invitation. If HUD and the Bidder are unable to agree on the amount by which the purchase price should be reduced or on the amendment to the repair requirements, Bidder may withdraw the bid, in which case HUD will direct the return of the earnest money deposit and any extension fee(s) will be returned.

13. PRORATIONS
   (a) Except, as set forth in paragraph (b) below, there will be no prorations at Closing. The Bidder will be responsible for those expenses incurred at the Project after Closing, as well as expenses which may be due and payable at the time of Closing. *Please note that expenses after closing may be inclusive of prior or unpaid services for utilities, assessments and/or liens which are not extinguished by the foreclosure action. Prospective purchasers are required to determine outstanding expense/assessments/liens as part of their due diligence and take those outstanding expenses into consideration when submitting bids.*
   (b) At Closing, the Bidder will pay the Foreclosure Official a prorata share of any property taxes on the Project which have been paid for a period of time ending after the date of Closing. The Bidder will be responsible for paying in full, all taxes, that come due after Closing. Taxes paid by the Bidder after Closing will not be prorated, even if those taxes are for a period, which began prior to Closing.

(d) No later than fifteen (15) days before Closing, HUD will notify the Bidder of the amount the Bidder is to pay the Foreclosure Official as the prorata share of taxes.

14. SECURITY DEPOSITS - APPLICATION AS CHECKED:

☒ Notwithstanding State or local law, the Bidder will receive only those security deposits which are on hand at the Project on the date of Closing. The Bidder will assume all liability under State and local law with respect to security deposits.

15. LIMITATION OF LIABILITY - Notwithstanding any other provisions of this sale, HUD's liability shall not exceed the amount of funds paid by Bidder to HUD and/or the Foreclosure Official hereunder.

16. ANTI-COLLUSION CERTIFICATION

(a) The Bidder certifies:

(i) The bid price in this offer has been arrived at independently, without (for the purposes of restricting competition) any consultation, communication, or agreement with any other Bidder relating to:

a. the bid price;

b. the intention to submit a bid price; or

c. the methods or factors used in calculating the bid price offered;

(ii) The bid price in this offer has not been and will not be knowingly disclosed by the Bidder, directly or indirectly, to any other Bidder or competitor before or during the actual time of the bid event, unless otherwise required by law; and

(iii) No attempt has been made or will be made by the Bidder to induce any other Bidder to submit or not to submit a bid price for the purpose of restricting competition.

(b) If the bid procedure requires or permits written bids, each signature on the offer is considered to be certification by the signatory that the signatory:

(i) Is the person in the Bidder's organization responsible for determining the bid price being offered in this bid and that the signatory has not participated and will not participate in any action contrary to paragraph (a) above; or

(ii) Has been authorized, in writing, to act as agent for the following principals in certifying that those principals have not participated, and will not participate in any action contrary to paragraph (a), above;

Name: ____________________

Title: ____________________

Organization responsible for determining price ____________________

a. As an authorized agent, does certify that the principals named in the above have not participated, and will not participate, in any action contrary to paragraph (a) above; and

b. As agent, has not personally participated, and will not participate, in any action contrary to paragraph (a) above.

17. FAILURE TO COMPLY - Upon the failure or refusal of the Bidder to comply with any of the requirements listed above, HUD may declare the Bidder ineligible to purchase the Project, in which case Bidder shall forfeit the earnest money deposit and any extension fees paid.

18. SEVERABILITY - If for any reason one or more of the provisions contained in the Invitation, including this Acknowledgment, the Use Agreement, or any other attachments or exhibits thereto, shall be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision(s) of the Invitation, but the Invitation shall be construed as if such invalid, illegal or unenforceable provision(s) had never been included therein.

19. FORMS - All forms and instruments referred to in this Acknowledgment are the standard Form HUD and instruments prepared by HUD and used by HUD in the jurisdiction in which the Property is located and shall contain such additional covenants and conditions required by the Invitation for Bid or Request for Proposals.

20. EXECUTION

(a) By signature below, Bidder indicates acknowledgment of and agreement to the terms and requirements of this foreclosure sale.

(b) In the case of a bid submitted by an agent or representative of the Bidder, the signatory attests to be duly authorized to submit the bid on behalf of the Bidder and to execute this Acknowledgment.

**WARNING**: It is a crime to knowingly make false statements to the United States in this document or any other document related to this sale. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code, Section 1001 and Section 1010.

Executed by the Bidder on the 5 day of Jan, 2007.

Witness: ____________________ By: Irving Blue

Typed Name: ____________________ Typed Name: Irving Blue [illegible] Dev Comp

Address: 4421 [illegible] Lane

City, ST Zip: St Louis MO 63110

Phone No. with Area Code: (314) 533-6204

RIDER 1 OF 1

**PREVIOUS PARTICIPATION CERTIFICATION AND SUBMISSION OF DOCUMENTS PRIOR TO CLOSING**

**Certification of Substantial Compliance**

**Required within two (2) Federal business days of the foreclosure sale date:** The high bidder must also provide Certification to HUD that any other projects that are owned by the high bidder or its affiliates and are located in the same jurisdiction as the project are in substantial compliance with applicable State and/or local housing statutes, regulations, ordinances and codes. HUD may, in its discretion, verify the accuracy of such certification and request supporting documentation from the high bidder. If HUD determines in its sole discretion that such other projects are not in substantial compliance, HUD will have the right to refuse to sell the project to the high bidder and retain the Earnest Money Deposit (see Attachment D).

**Certification of Experience**

The high bidder must provide certification of experience to HUD demonstrating the bidder is qualified to manage the property to the Fort Worth HUD office within 2 days of the foreclosure sale date.

**Previous Participation Certification Requirements**

**Required within two (2) Federal business days of the foreclosure sale date:**

**For First Time Participants:** If you or your company are not registered in HUD's Active Partners Performance System (APPS) and/or HUD's Secure Systems, not later than **two (2)** Federal business days after verbally notified at the foreclosure sale of being the high Bidder, the Bidder must register in APPS, which allows for the electronic submission of the Previous Participation Certification Form HUD 2530 and Secure Systems as outlined in Section 2 of the Invitation to Bid. Bidder must fax a copy of the *Participant Successfully Registered* page from the APPS system and a copy of the *Multifamily Coordinator and User Registration page* from the Secure Systems registration to the Realty Specialist identified in the Property at a Glance to (817) 978-5855.

After receiving a Coordinator/User ID, participant must reenter the APPS system and complete the 2530 application process. Not later than **fifteen (15)** Federal business days after verbally notified at the foreclosure sale of being the high Bidder, the high Bidder must fax a copy of the *2530 Submission Package* from the APPS system to the Realty Specialist identified in the Property at a Glance to (817) 978-5855.

**For Participants Registered in APPS and Secure Systems:**

Not later than **two (2)** Federal business days after verbally notified at the foreclosure sale of being high Bidder, the Bidder must fax a copy of the copy of the *Participant Detail* page to the Realty Specialist identified in the Property at a Glance to (817) 978-5855.

**Required within fifteen (15) Federal business days of the foreclosure sale date:**

Not later than **fifteen (15)** Federal business days after verbally notified at the foreclosure sale of being the high Bidder, the high Bidder must fax a printed copy of the *2530 Submission Package* from the APPS system to the Realty Specialist identified in the Property at a Glance to (817) 978-5855.

**NOTE:** Any change in ownership entity will require changes (updating) in the APPS system. Participants (Bidder) must adhere to all APPS registration and submission timeframes. Delays in updating the 2530 application will **not** be grounds for delaying any closing, nor will it be grounds for approving an extension of the closing date.

**Submission of Documents Prior to Closing**

Not later than **ten (10)** Federal business days after verbally notified at the foreclosure sale of being the high bidder, the Bidder must demonstrate the ability to meet HUD requirements for purchase of the Project by submitting the documents checked below to the Realty Specialist identified on the Property At A Glance.

- ☒ Personal Financial and Credit Statement (Form HUD 92417) for each principal and general partner
- ☒ Management Entity Profile (Form HUD 9832)
- ☒ Management Certification (Form HUD 9839 A)
- ☒ Management Certification (Form HUD 9839 B)
- ☒ Bidder's Property Management Statement*:

  The bidder must complete and submit written statements of how the Bidder/Owner entity will:

  a. satisfy the conditions of the sale; and show experience in operating/managing and administration of properties of the type and nature as the property being offered in this sale;

  b. implement a sound financial and physical management program;

  c. respond to the needs of the tenants and work cooperatively with tenant organizations; and

  d. provide adequate organizational staff and resources to the Project.
- ☒ Statement of Services, maintenance and utilities that the Bidder/Owner entity proposes to provide.

* **HUD reserves the right to review and approve/reject project management.** Within a reasonable time prior to Closing, the Bidder/Owner entity may be required to meet with officials designated by HUD at the HUD office listed in this Invitation and/or the local HUD Office to discuss the Bidder's/Owner entity's plans for managing the Project. If HUD determines that the Bidder/Owner entity is unqualified to self-manage the Project, HUD will require the Bidder/Owner entity to obtain the services of a qualified property management firm. The Bidder/Owner entity must then provide HUD with evidence that a qualified property management firm has been retained prior to Closing. If Bidder/Owner entity does not meet this obligation, HUD reserves the right to reject the bid and retain the Bidder's earnest money deposit.

Bidder's Initials: ____________

Acknowledgement by Bidder

## ATTACHMENT B

### TERMS AND REQUIREMENTS OF FORECLOSURE SALE - ACKNOWLEDGMENT BY BIDDER

PART I

BID PRICE - The Undersigned, Forest Park Southeast Development Corporation (the "Bidder") submits a bid of dollars ($ 5,000,000.00) at the foreclosure sale of Lucas Heights Village Phase III (the "Project"), the legal description of which is included as Exhibit A, to be paid as follows:

1. $ 100,000 in the form of a money order, cashier's or other bank check, as earnest money, which has been paid at the foreclosure sale to the person that conducts the foreclosure sale, and which shall not earn interest (the "Deposit"), and
2. $ 4,900,000.00 the balance, to be paid by the Bidder at Closing, in the form of a cashier's or other bank check in accordance with this Acknowledgment. The Closing will be held at a place, date and time established in accordance with Section 5 below (the "Closing").
3. In addition to the above, the Bidder will be required to pay at Closing all closing costs, regardless of local custom, and, where applicable, other deposits to reserve and/or letters of credit as described in Riders incorporated herein, the Invitation for Bid (Invitation), and the Foreclosure Sale Use Agreement (Use Agreement).

PART II

If selected as the high Bidder at or after the foreclosure sale, the Bidder, by executing this document (the "Acknowledgment"), acknowledges that the Bidder must comply with the following requirements as a condition to purchasing the Project:

1. ACKNOWLEDGMENT OF TERMS - Bidder affirms to have full knowledge of the all terms, conditions and requirements contained in this Acknowledgment and documents referred to herein, the invitation and Attachments, and the Notice of Default and Foreclosure Sale. Bidder must execute this document.
2. EXECUTION OF USE AGREEMENT - At Closing, Bidder will, in addition to any other documents, execute the Foreclosure Sale Use Agreement and all of the Exhibits to the Use Agreement as contained in the Invitation to Bid. Such documents will control the use of the Project for a specified period and will be recorded with the Deed and run with the land.
3. CERTIFICATION OF SUBSTANTIAL COMPLIANCE - The high bidder must also provide Certification to HUD (within two days of the foreclosure sale date) that any other projects that are owned by the high bidder or its affiliates and are located in the same jurisdiction as the project are in substantial compliance with applicable State and/or local housing statutes, regulations, ordinances and codes. HUD may, in its discretion, verify the accuracy of such certification and request supporting documentation from the high bidder. If HUD determines in its sole discretion that such other projects are not in substantial compliance, HUD will have the right to refuse to sell the project to the high bidder and retain the Earnest Money Deposit (see Attachment D).
4. PREVIOUS PARTICIPATION CERTIFICATION –
   (a) **Two Days following Foreclosure Sale:** The high Bidder must submit **within two** (2) Federal Government working days of the foreclosure sale, certification to HUD that the Bidder has registered in APPS and Secure Systems. This certification can be in the form of a copy of the *Participant Successfully Registered* page from the APPS system **and** a copy of the *Multifamily Coordinator and User Registration page* from Secure Systems or a copy of the *Participant Detail* page (see APPS User Guide-Industry, Chapter 15, pages 15-2 through 15-4 for printing instructions). The high Bidder is also responsible for submitting any changes necessary for principals, tax ID, and ownership in the APPS system.
   (b) **Fifteen Days following Foreclosure Sale:** The high Bidder must submit within fifteen (15) Federal Government working days of the foreclosure sale, certification to HUD that the Bidder (owning entity) has completed the 2530 submission process in APPS. This certification must be in the form of a printed copy of the *2530 Submission Package* (see APPS User Guide-Industry, Chapter 15, pages 15-2 through 15-4).
5. ESTABLISHMENT OF CLOSING DATE, TIME AND PLACE
   (a) Time is of the essence.
   (b) HUD will notify the Bidder and the person conducting the foreclosure sale (the "Foreclosure Official") after HUD determines that the Bidder has been approved to purchase this project under the Previous Participation Certification procedure. (Approval to purchase is subject to review and approval of HUD forms as required for purchase in Section 4, Paragraph(s) 2 and 5, and in Attachment B, Terms and Requirements of Foreclosure Sale, Acknowledgement by Bidder specifically the Rider "Submission of Documents Prior to Closing" and applied as checked.) The Foreclosure Official will establish a time and date for the Closing. The Closing **shall be within thirty (30) days of such notification**, unless extended pursuant to Section 9.
   (c) The Closing will take place at the HUD office stated in the Invitation or at such other place as may be agreed upon between HUD and the Foreclosure Official.
6. CLOSING, CLOSING EXPENSES AND TRANSFER OF POSSESSION
   (a) The sale shall be effective upon Closing.
   (b) Bidder (Purchaser) shall pay all closing costs and expenses, excluding fees for recording the deed and Use Agreement, irrespective of local custom.
   (c) Transfer of title to and possession of the Property shall become effective as of the Closing.
7. PAYMENT OF PURCHASE PRICE AT CLOSING - The Bidder (Purchaser) shall pay the balance at Closing in the form of a cashier's or other bank check made out to:

   **THE SECRETARY, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

   The Closing will be held at a place, date and time established in accordance with Section 5 above.

8. LIQUIDATED DAMAGES - Should Bidder fail or refuse to perform all obligations under this Acknowledgement for any reason including, but not limited to, failure to establish the legal entity that is to take title in a timely manner that permits Closing within the deadline set forth in Section 5, the earnest money deposit and any extension fees, paid under Section 9, shall be remitted to and retained by HUD as liquidated damages.
9. EXTENSION FEES – Extensions of time to close the sale are within HUD's sole and absolute discretion. Any extensions, if granted, will be on the following conditions:
   (a) A written request for an extension must be received at the HUD office located at: Department of Housing and Urban Development, 801 Cherry Street, Ft. Worth, TX 76102 within ten (10) days prior to the prescribed closing date, or within any extension period and **must be accompanied by the payment** of the required extension fee. The request must state the reason for Bidder's inability to close the sale within the initial period or any extended period.
   (b) Extensions shall be for thirty (30) days.
   (c) For each thirty (30) day period requested by Bidder and approved by HUD, extension fees shall be equal to $ 37.72, per unit, per day, which is $ 8,524.72 daily, a cost of **$ 255,741.60**, which covers the 30-day period (the holding cost for such period) or one and one-half percent (1.5%) of the purchase price, whichever is greater.
   (d) These fees shall be retained by HUD and shall not be credited to the amount due from Bidder at Closing. However, if Bidder closes prior to the expiration of an extension period, the prorated amount of the extension fee, for the unused portion of the extension period, shall be credited toward the amount due from Bidder at Closing.
   (e) The granting of one or more extensions shall not obligate HUD to grant additional extensions.
   (f) If any form or instrument required by HUD is not submitted within sufficient and reasonable time for HUD's review or processing and such delay necessitates an extension of the Closing deadline, an extension fee must be paid for this period.
   (g) Extension Fees must be submitted by money order, certified, cashier's or other bank check acceptable to HUD.
10. BIDDER RESTRICTIONS – Bidding is restricted to non-profit entities only as described in this Invitation, however, principals of the non-profit are further restricted by the following:
   (a) No Member of/or Delegate to Congress, resident commissioner, or local elected official, shall be admitted to any share or part of this sale, or to any benefit arising from it. However, this provision does not apply to this sale to the extent that this sale is made with a corporation for the corporation's general benefit.
   (b) If Bidder is, or becomes suspended, debarred, or temporarily denied from participating in HUD programs prior to closing, this sale shall be terminated. In addition, if such suspension, debarment or temporary denial of participation occurs either before or after Bidder's execution of this Acknowledgment, any extension fees paid under Section 9 shall be retained by HUD as liquidated damages.
   (c) Pursuant to 24 CFR Section 27, the defaulting mortgagor, or any principal, successor, affiliate, or assignee thereof, on the multifamily mortgage being foreclosed, shall not be eligible to bid on, or otherwise acquire, the property being foreclosed by the Department under this subpart or any other provision of law. A "principal" and an "affiliate" are defined as provided at 24 CFR 24.905.
11. AS-IS SALE; NO REPRESENTATIONS
   (a) Bidder shall accept the Property "as is." HUD makes no representations or warranties concerning the physical condition of the Property. In addition, HUD does not represent or warrant the number and occupancy of revenue producing units, or any factor bearing upon the value of the Property.
   (b) Bidder acknowledges that the purchase price set forth in this Acknowledgment is based on Bidder's evaluation of the project and not upon any representations by HUD. Bidder's failure to inspect, or to be fully informed as to any factor bearing upon the valuation of the Property, shall not affect the liabilities, obligations or duties of HUD, nor be a basis for termination of this sale or for the return of any extension fees paid pursuant to Section 9.
12. RISK OF LOSS AND RIGHTS OF RESCISSION - In the event of any substantial damage to the Project prior to closing by any cause including, but not limited to, fire, flood, earthquake, tornado and significant vandalism other than willful acts or neglect, HUD, in its sole discretion, may negotiate with the Bidder for a reduction in the sales price corresponding to the estimated amount of damages. Such damages shall be added to the Post-Closing repair requirements, HUD Form - 9552 included in the Invitation. If HUD and the Bidder are unable to agree on the amount by which the purchase price should be reduced or on the amendment to the repair requirements, Bidder may withdraw the bid, in which case HUD will direct the return of the earnest money deposit and any extension fee(s) will be returned.
13. PRORATIONS
   (a) Except, as set forth in paragraph (b) below, there will be no prorations at Closing. The Bidder will be responsible for those expenses incurred at the Project after Closing, as well as expenses which may be due and payable at the time of Closing. *Please note that expenses after closing may be inclusive of prior or unpaid services for utilities, assessments and/or liens which are not extinguished by the foreclosure action. Prospective purchasers are required to determine outstanding expense/assessments/liens as part of their due diligence and take those outstanding expenses into consideration when submitting bids.*
   (b) At Closing, the Bidder will pay the Foreclosure Official a prorata share of any property taxes on the Project which have been paid for a period of time ending after the date of Closing. The Bidder will be responsible for paying in full, all taxes, that come due after Closing. Taxes paid by the Bidder after Closing will not be prorated, even if those taxes are for a period, which began prior to Closing.

(c) No later than fifteen (15) days before Closing, HUD will notify the Bidder of the amount the Bidder is to pay the Foreclosure Official as the prorata share of taxes.

14. SECURITY DEPOSITS - APPLICATION AS CHECKED:

☒ Notwithstanding State or local law, the Bidder will receive only those security deposits which are on hand at the Project on the date of Closing. The Bidder will assume all liability under State and local law with respect to security deposits.

15. LIMITATION OF LIABILITY - Notwithstanding any other provisions of this sale, HUD's liability shall not exceed the amount of funds paid by Bidder to HUD and/or the Foreclosure Official hereunder.

16. ANTI-COLLUSION CERTIFICATION

(a) The Bidder certifies:

(i) The bid price in this offer has been arrived at independently, without (for the purposes of restricting competition) any consultation, communication, or agreement with any other Bidder relating to:

a. the bid price;

b. the intention to submit a bid price; **or**

c. the methods or factors used in calculating the bid price offered;

(ii) The bid price in this offer has not been and will not be knowingly disclosed by the Bidder, directly or indirectly, to any other Bidder or competitor before or during the actual time of the bid event, unless otherwise required by law; **and**

(iii) No attempt has been made or will be made by the Bidder to induce any other Bidder to submit or not to submit a bid price for the purpose of restricting competition.

(b) If the bid procedure requires or permits written bids, each signature on the offer is considered to be certification by the signatory that the signatory:

(i) Is the person in the Bidder's organization responsible for determining the bid price being offered in this bid and that the signatory has not participated and will not participate in any action contrary to paragraph (a) above; **or**

(ii) Has been authorized, in writing, to act as agent for the following principals in certifying that those principals have not participated, and will not participate in any action contrary to paragraph (a), above;

Name: ____________________

Title: ____________________

Organization responsible for determining price ____________________

a. As an authorized agent, does certify that the principals named in the above have not participated, and will not participate, in any action contrary to paragraph (a) above; and

b. As agent, has not personally participated, and will not participate, in any action contrary to paragraph (a) above.

17. FAILURE TO COMPLY - Upon the failure or refusal of the Bidder to comply with any of the requirements listed above, HUD may declare the Bidder ineligible to purchase the Project, in which case Bidder shall forfeit the earnest money deposit and any extension fees paid.

18. SEVERABILITY - If for any reason one or more of the provisions contained in the Invitation, including this Acknowledgment, the Use Agreement, or any other attachments or exhibits thereto, shall be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision(s) of the Invitation, but the Invitation shall be construed as if such invalid, illegal or unenforceable provision(s) had never been included therein.

19. FORMS - All forms and instruments referred to in this Acknowledgment are the standard Form HUD and instruments prepared by HUD and used by HUD in the jurisdiction in which the Property is located and shall contain such additional covenants and conditions required by the Invitation for Bid or Request for Proposals.

20. EXECUTION

(a) By signature below, Bidder indicates acknowledgment of and agreement to the terms and requirements of this foreclosure sale.

(b) In the case of a bid submitted by an agent or representative of the Bidder, the signatory attests to be duly authorized to submit the bid on behalf of the Bidder and to execute this Acknowledgment.

**WARNING:** It is a crime to knowingly make false statements to the United States in this document or any other document related to this sale. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code, Section 1001 and Section 1010.

Executed by the Bidder on the 5 day of January, 2007.

Witness: ____________________ By: ____________________

Typed Name: ____________________ Typed Name: [illegible] Sr. Director

Address: 4[illegible] [illegible]

City, ST Zip: St Louis MO 63110

Phone No. With Area Code: (314) 535-6204