**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FOREST PARK SOUTHEAST DEVELOPMENT CORPORATION** | ) | |
| **Plaintiff,** | ) | **Docket No. 08-4-C** |
| **v.** | ) | **(Judge Christine O. C. Miller)** |
| **UNITED STATES,** | ) | |
| **Defendant.** | ) | |

# JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Forest Park Development Corp. ("Forest Park"), and defendant, the United States, respectfully submit the following joint preliminary status report:

**a. Jurisdiction**

Plaintiff indicates that this Court has jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491(a). Defendant is unaware of a basis upon which to challenge jurisdiction at this time.

**b. Consolidation**

At the present time, the parties agree that this case should not be consolidated with any other case.

**c. Bifurcation**

Assuming the case proceeds to trial, the parties are not presently aware of any reason why this case should be bifurcated.

**d. Deferral**

At the present time, the parties are unaware of any reason why this case should be deferred.

**e. Remand/Suspension**

The parties do not request that this action be remanded or suspended at this time.

**f. Joinder**

Neither party seeks to join additional parties at this time.

**g. Dispositive Motions**

One or both parties may move for summary judgment pursuant to RCFC 56.

**h. Relevant Issues**

From the Plaintiff's standpoint, the Complaint sets forth the factual issues of the case. Specifically, Plaintiff submitted a bid to purchase a real estate project. Plaintiff was the successful bidder, and efforts began to finalize the transaction. Damage occurred to the property during the interim, Plaintiff sought a reduction in the price, extensions were granted for the closing date, the Defendant was unwilling to change the purchase price, and the deal between Plaintiff and Defendant fell through. Plaintiff claims it is entitled to a refund of its earnest monies, along with its associated costs, and the Defendant contends otherwise. These are the salient facts of the case in a nutshell, and the only legal issues will involve the interpretation of the pertinent terms of the contract.

The Government contends that the contract explicitly provides that the Department of Housing and Urban Development ("HUD") may retain deposits where the bidder fails to close on the required date. The Government further contends that HUD extended this deadline at

plaintiff's request, nevertheless plaintiff failed to close on the required date. The Government additionally contends that none of the reasons that plaintiff cites for its failure to timely close upon the properties are sufficient to demonstrate a breach of contract. The Government further contends that its loss due to plaintiff's failure to close upon the properties as required under the contract far exceeds the amount of plaintiff's deposit. Lastly, the Government asserts that the sales contract here specifically requires that all sales are "as-is."

**i. Settlement**

The parties will continue to consider the possibility of settlement as discovery progresses.

**j. Trial**

As outlined above, one or both of the parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if any such motions are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. At this time, the parties anticipate that the trial would take place in St. Louis, Missouri or, alternatively, in Washington, D.C.

**k. Electronic Case Management**

The parties have no special issues regarding electronic case management needs.

**l. Additional Information**

There is no additional information of which the Court should be aware at this time.

**m. Proposed Discovery Plan**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for the production of documents, depositions, and subpoenas duces tecum and for deposition. The parties propose the following schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | May 16, 2008 |
| Conclusion of Discovery: | January 5, 2009 |
| Deadline for Dispositive Motions: | February 16, 2009 |
| Available for Trial: | March 30, 2009 |

Respectfully submitted,

/s/ Richard S. Bender
RICHARD S. BENDER
Rosenblum, Goldenhersh, Silverstein, & Zafft
7733 Forsyth Blvd., 4th floor
Saint Louis, MO 63105
Tel: (314) 726-6868
Fax: (314) 726-6786

Attorney for the plaintiff

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

/s/ Stephen C. Tosini
STEPHEN C. TOSINI
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit, 8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-5196
Fax: (202) 514-7969
Attorneys for the defendant

April 23, 2008

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of April 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by electronic mail and operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stephen C. Tosini